Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Matthew B. George (State Bar No. 239322)
mbg@girardgibbs.com
Scott Grzenczyk (State Bar No. 279309)
smg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE WINKELMANN, MICHELLE CRUZ, and THAMAR S. CORTINA, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>NOVARTIS CONSUMER HEALTH, INC.,<br><br>Defendants. | Case No. 3:14-cv-00160-JD<br><br>**STIPULATED REQUEST TO TRANSFER CASE TO DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. 1404(a)** |

1    Plaintiffs Julie Winkelmann, Michelle Cruz, Thamar S. Cortina ("Plaintiffs"), and Defendant
2 Novartis Consumer Health, Inc. ("NCH") (jointly, "Parties"), by and through their undersigned counsel,
3 stipulate as follows:
4    WHEREAS Plaintiffs filed their First Amended Complaint on April 3, 2014 and NCH's deadline
5 to answer, move, or otherwise plead is May 1, 2014.
6    WHEREAS *Yingst v. Novartis AG, et al.*, Case No. 2:13-cv-07919-CCC-JAD (D.N.J.) is
7 currently pending in the District of New Jersey before the Honorable Claire C. Cecchi. Both the *Yingst*
8 action and this action arise out of NCH's pricing of its Excedrin® Migraine and Excedrin® Extra
9 Strength drug products and assert claims under the state consumer protection statutes of New Jersey and
10 California, respectively. Both are putative class actions, *Yingst* seeking a class of New Jersey purchasers
11 and this action seeking a class of California purchasers of Excedrin® Migraine drug products. NCH has
12 moved to dismiss this case for failure to state a claim because (1) the Plaintiffs failed to state a claim
13 under California law and, (2) even if the complaint stated a claim for relief under California law, it
14 would still have to be dismissed on the basis of the express preemption provision of the Food and Drug
15 Administration Modernization Act ("FDAMA"), 21 U.S.C. § 379r.
16    WHEREAS the parties believe that the transfer of this action to the District of New Jersey and its
17 coordination with the *Yingst* action before a single judge will streamline the litigation, conserve judicial
18 resources, avoid duplication among the parties and courts, and promote the interests of justice. Plaintiffs
19 will not seek to consolidate this action with the *Yingst* action until the District of New Jersey judge has
20 ruled on the motion to dismiss currently pending in *Yingst* and any motion to dismiss that may be filed
21 in this action on or before May 1, 2014.
22    WHEREAS transfer of this action to New Jersey is also expected to be convenient for the
23 parties. NCH is headquartered in New Jersey and many of its witnesses and documents relating to this
24 action are likely to be found in New Jersey. NCH has agreed to take the depositions of the Plaintiffs in
25 California and they are expected to have few documents pertinent to this action. Moreover, neither
26 Plaintiff Cruz nor Plaintiff Cortina are residents of this district.
27    WHEREAS this action could have been brought in the District of New Jersey because NCH has
28 its principal place of business in New Jersey and NCH's pricing decisions were made largely if not

entirely in New Jersey, therefore the District of New Jersey has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d), has personal jurisdiction over NCH, and is a proper venue for this action under 28 U.S.C. 1332(b)(1).

WHEREAS if this action is transferred to the District of New Jersey, the parties will seek to have it deemed related to the *Yingst* action pursuant to Rule 40.1(c) of the Local Civil Rules of the District Court for the District of New Jersey, assigned to Judge Cecchi, and coordinated with the *Yingst* action.

WHEREAS, as required by the Court's prior orders, the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on April 2, 2014.  The deadline for the parties to file a Case Management Conference Statement is May 1, 2014 (April 16, 2014 Minute Entry).  In light of this, and the parties' request to expedite the transfer of this action to the District of New Jersey for coordination of discovery and case management with the parallel *Yingst* litigation, without the need to draft, file and seek Court review of a Case Management Conference Statement, the parties respectfully request that the Court defer the filing of a Case Management Conference Statement until the Court rules on this request to transfer this action to the District of New Jersey.  The parties will follow the schedule set by Judge Cecchi for the filing of a Joint Discovery Plan, if the case is transferred, or, if the case is not transferred, pursuant to further order of the Court.

WHEREAS the Parties agree to continue to be bound by the schedule for NCH's motion to dismiss the First Amended Complaint, as ordered by this Court on April 8, 2014, whether or not this case is transferred.

WHEREAS the Parties are discussing the informal exchange of information, but do not anticipate serving formal discovery until any motions to dismiss have been resolved, unless otherwise directed by Judge Cecchi, if the case is transferred, or if the case is not transferred, pursuant to further order of the Court.

ACCORDINGLY, IT IS STIPULATED AND AGREED THAT

1. This action is transferred to the District of New Jersey.  The parties shall seek to have this action related to *Yingst v. Novartis AG, et al.*, Case No. 2:13-cv-07919-CCC-JAD (D.N.J.), under Rule 40.1(c) of the Local Civil Rules of the District Court for the District of New Jersey;

2. The May 1 deadline to file the Case Management Conference Statement is vacated;

2

STIPULATED REQUEST TO TRANSFER CASE TO DISTRICT OF NEW JERSEY PURSUANT
TO 28 U.S.C. 1404(a)
CASE NO.: 3:14-CV-00160-JD

3. The deadline for Plaintiffs' opposition to NCH's motion to dismiss shall remain May 30, 2014, and NCH's deadline to file any reply in support of its responsive pleading shall remain June 13, 2014.

4. Pursuant to Local Rule 3-14, this Order shall be effective immediately. The Clerk is directed to transfer the file to the District of New Jersey and close the case.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _May 7, 2014                              _____
                                                  United States District Court Judge
                                                  Hon. James Donato


Dated: May 1, 2014                    **GIRARD GIBBS LLP**

                                      By:   */s/* Matthew B. George

                                      Eric H. Gibbs
                                      Matthew B. George
                                      Scott Grzenczyk
                                      601 California Street, 14th Floor
                                      San Francisco, California 94108
                                      Telephone: (415) 981-4800
                                      Facsimile:  (415) 981-4846

                                      **BAKER SANDERS LLC**
                                      Todd D. Muhlstock (*pending Pro Hac Vice application*)
                                      100 Garden City Plaza, Suite 500
                                      Garden City, NY  11530
                                      Telephone: (516) 741-4799
                                      Facsimile:  (516) 741-3777

                                      **BURSOR & FISHER, P.A.**
                                      L. Timothy Fisher (State Bar No. 191626)
                                      Annick M. Persinger (State Bar No. 272996)
                                      1990 North California Boulevard, Suite 940
                                      Walnut Creek, CA  94596
                                      Telephone: (925) 300-4455

3

STIPULATED REQUEST TO TRANSFER CASE TO DISTRICT OF NEW JERSEY PURSUANT
TO 28 U.S.C. 1404(a)
CASE NO.: 3:14-CV-00160-JD

Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
apersinger@bursor.com

*Attorneys for Plaintiffs*

Dated: May 1, 2014                    **KAYE SCHOLER LLP**

By: ___/s/ Aton Arbisser___

Aton Arbisser (State Bar No. 150496)
Daniel R. Paluch (State Bar No. 287231)
1999 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6048
Telephone: (310) 788-1000
Facsimile:  (310) 788-1200

*Attorneys for Defendant Novartis
Consumer Health, Inc.*

**Attestation Statement**

Pursuant to the Local Rule 5-1(i)(3), I hereby attest that I have received permission from all signatories listed in this document to enter a conformed signature, and have obtained their concurrence in the filing of this document. I further attest that I have on file and will maintain all records to support this concurrence.

Dated: May 1, 2014　　　　　　　　　　　　　　By:　 */s/* Matthew B. George
　　　　　　　　　　　　　　　　　　　　　　　　　　Matthew B. George